# FILED

**October 7, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE,**
**AT NASHVILLE**

_____

| | | |
|---|---|---|
| **WILLIAM JONES,** | ) | Davidson County Chancery Court |
| | ) | No. 92-2644-II |
| Petitioner/Appellant. | ) | |
| | ) | C.A. No.  01A01-9809-CH-00499 |
| VS. | ) | |
| | ) | Hon. Carol L. McCoy, Chancellor |
| **JEFF REYNOLDS, COMMISSIONER,** | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTION**, | ) | **AFFIRMED AND REMANDED** |
| | ) | |
| Respondent/Appellee. | ) | OPINION FILED: |

**William Jones**, *Pro Se*

**Paul G. Summers,** Attorney General & Reporter
**Patricia C. Kussmann**, Assistant Attorney General
For Respondents/Appellees.

_____

## MEMORANDUM OPINION[1]
_____

_

*Farmer, J.*

Plaintiff William Jones appeals the trial court's order granting the motion for summary judgment filed by the Commissioner of the Tennessee Department of Correction in this dispute over the Department's calculation of Jones' sentence reduction credits.  We affirm the trial court's judgment.

This appeal marks the third time this dispute has been before this court. In its last appearance in this court, *Jones v. Reynolds*, No. 01A01-9510-CH-00484, 1997 WL 367661 (Tenn. App. July 2, 1997) (*Jones II*) (*no perm. app. filed*), we set forth the history of this litigation and of Jones' various criminal convictions in Fayette, Haywood, and Shelby Counties, Tennessee. The present dispute involves only the 62-year sentence that Jones received in Shelby County in 1979 after he was convicted of second-degree murder and six counts of armed robbery.

In 1992, Jones requested a declaratory ruling from the Department of Correction concerning its computation of Jones' sentence reduction credits, but the Department did not respond. Jones then filed a petition for declaratory judgment in the Chancery Court for Davidson County, but the trial court summarily dismissed the petition. In *Jones v. Reynolds*, No. 01A01-9302-CH-00055, 1993 WL 166925 (Tenn. App. May 19, 1993) (memorandum opinion) (*Jones I*), *perm. app. denied* (Tenn. Sept. 7, 1993), this court vacated the trial court's judgment and remanded the case to the Department with directions to consider Jones' request for a declaratory order.

On remand, the Department denied Jones' request for a declaratory ruling, and Jones again filed a petition for declaratory relief in the trial court. This time, the Department moved for summary judgment based upon various affidavits that it submitted in an effort to demonstrate how it had calculated Jones' sentence reduction credits. The trial court granted the Department's motion for summary judgment, and Jones again appealed. In *Jones II*, we concluded that Jones' ability to earn sentence reduction credits was governed by Tennessee Code Annotated sections 41-21-229 and 41-21-230 (1982) (repealed 1985). Because of inadequacies in the record, however, this court was unable to conduct a meaningful review of whether the Department had correctly calculated Jones' sentence reduction credits under these statutes. Accordingly, we remanded the case to the trial court for the parties to submit "proper evidence and records demonstrating the proper calculation and application

of all applicable credits" to Jones' sentence. *Jones II*, 1997 WL 367661, at \*7. In remanding the case, we suggested that, in order to facilitate this court's review of issues of this sort,

> the Department should, at a minimum, provide the courts with year-by-year calculations showing (1) the statutes under which the prisoner is earning credits, (2) the number of good conduct sentence credits earned pursuant to each statute, (3) the number of incentive credits earned pursuant to each statute, and (4) any credits deducted and the reasons for the deduction.

*Jones II*, 1997 WL 367661, at \*7.

When we remanded *Jones II*, the only disputed issue remaining for consideration was the manner in which the Department of Correction had calculated Jones' good conduct sentence credits under section 41-21-229. *Jones II*, 1997 WL 367661, at \*1, \*7. On remand, however, Jones attempted to raise new issues, contending that the Department had failed to award him all of the incentive (PPSC) credits he had earned under section 41-21-230 and, further, that the Department had failed to award him pretrial jail credits for time he served in Haywood and Fayette Counties prior to being sentenced in Shelby County.

After this case was remanded, the Department filed a new motion for summary judgment. In support of its motion, the Department attached the affidavit of Faye Claud, Manager of the Department's Sentence Information Services. Claud's affidavit, which appears to be an effort to comply with this court's decision in *Jones II*, showed the number of pretrial jail credits Jones had earned prior to his sentencing, the number of PPSC credits he had earned each month since his incarceration, and the number of good conduct credits he had earned each year of his incarceration. When Jones was sentenced on January 22, 1979, he received 343 pretrial jail credits, resulting in an effective sentence date of February 13, 1978. From his effective sentence date in February 1978 until July 1997, Jones

had earned the following sentence reduction credits:

| Year of Sentence | Good Conduct Credits | PPSC Credits |
|---|---|---|
| Year 1: (Ending in 2/79) | 120 | 0 |
| Year 2: (Ending in 2/80) | 270 | 23 |
| Year 3: (Ending in 2/81) | 270 | 40 |
| Year 4: (Ending in 2/82) | 270 | 90 |
| Year 5: (Ending in 2/83) | 270 | 122 |
| Year 6: (Ending in 2/84) | 270 | 132 |
| Year 7: (Ending in 2/85) | 270 | 132 |
| Year 8: (Ending in 2/86) | 270 | 147 |
| Year 9: (Ending in 2/87) | 270 | 180 |
| Year 10: (Ending in 2/88) | 270 | 180 |
| Year 11: (Ending in 2/89) | 365 | 180 |
| Year 12: (Ending in 2/90) | 365 | 180 |
| Year 13: (Ending in 2/91) | 365 | 180 |
| Year 14: (Ending in 2/92) | 365 | 180 |
| Year 15: (Ending in 2/93) | 365 | 180 |
| Year 16: (Ending in 2/94) | 365 | 180 |
| Year 17: (Ending in 2/95) | 365 | 180 |
| Year 18: (Ending in 2/96) | 365 | 165 |
| Year 19: (Ending in 2/97) | 365 | 180 |
| Year 20: (Through 7/97) | 152 | 75 |
| **Total** | 5987 | 2726 |

Assuming that Jones would continue to earn good conduct sentence credits at the rate of 365 per year during years 20 through 33 of his sentence, Claud projected that Jones' 62-year sentence would expire in February or March 2010. Inexplicably, however, Claud did not consider Jones' PPSC credits when she made this projection.

Jones filed an objection to the Department's motion for summary judgment in which he asserted, *inter alia*, that he had been continuously confined since March 16, 1976. Apparently, Jones made this assertion to support his claim that the Department failed to award him sufficient pretrial jail credits. Jones also made this assertion to support his claim that the Department incorrectly calculated his PPSC credits. Jones submitted his own calculations showing that he had earned the maximum allowable number of PPSC credits for each year of his incarceration.

Based upon Jones' objections, the trial court ordered the Department to provide the following information by sworn testimony:

> 1) the dates and locations of the pre-sentencing incarceration for which [Jones] was given credit on his 62 year 1/22/97 [sic] sentence for second degree murder and the reasons for such credit, 2) whether any sentence credits are earned pre-sentencing, and 3) the exact anticipated expiration date of [Jones'] sentence with the inclusion of all Incentive Time/PPSC and Good and Honor Time/Good Conduct Credit earned by [Jones] through July, 1997.

The trial court also ordered Jones to provide specific facts to support his claims that the Department had incorrectly calculated his pretrial jail credits and his PPSC credits.

In response to the trial court's order, the Department filed the supplemental affidavit of

Faye Claud. In her affidavit, Claud indicated that, as of July 1997, she projected Jones' sentence expiration date to be September 24, 2002. This time, Claud considered Jones' PPSC credits when she made her projection. Claud pointed out, however, that the projected date would change over time as Jones continued to earn additional PPSC credits. Claud also indicated that Jones had received 343 pretrial jail credits based upon the following incarceration dates as reflected in the Shelby County Criminal Court's records: October 9, 1977, to March 28, 1978 (171 days); April 4, 1978, to April 12, 1978 (nine days); April 21, 1978 (one day); August 11, 1978, to December 15, 1978 (127 days); and December 18, 1978, to January 21, 1979 (35 days).

Jones responded to the supplemental affidavit by filing a "rebuttal" in which he claimed that Claud had incorrectly calculated his pretrial jail credits because she failed to include jail credits from Fayette County totaling 41 days and jail credits from Haywood County totaling 475 days, for a total of 516 pretrial jail credits; however, Jones' rebuttal did not indicate the periods of incarceration during which he allegedly earned these jail credits. Jones also filed an affidavit in which he asserted that the Department had provided him with inconsistent parole eligibility and sentence expiration dates over the years.

In response to further orders of the trial court, the Department again supplemented the affidavit of Faye Claud. In this affidavit, Claud explained that Jones had not earned the maximum allowable number of PPSC credits since his incarceration because, during certain time periods early in his incarceration, Jones was not eligible to receive such credits for a variety of reasons, including his placement in administrative segregation, his placement in maximum security, his removal from one job because of a disciplinary infraction, and his failure to participate in a program.

Jones responded to Claud's supplemental affidavit with a "rebuttal affidavit" of his own. In his rebuttal affidavit, Jones asserted that he should have received the following pretrial jail credits:

245 days in Haywood County on case numbers 7096 and 7099; 230 days in Haywood County on case numbers 7199 and 7200; and 41 days in Fayette County on case number 2408, for a total credit of 516 days. Again, however, Jones' affidavit did not indicate the periods of incarceration during which he allegedly earned these jail credits. Jones' affidavit reiterated his complaint that the Department previously had provided him with inconsistent parole eligibility and sentence expiration dates.

In July 1998, the trial court entered an order granting the Department's motion for summary judgment. With regard to Jones' claim that the Department had incorrectly calculated his good conduct sentence credits under section 41-21-229, the trial court observed that summary judgment was proper because any error in the Department's calculations inured to the benefit of Jones. The trial court also rejected Jones' claim that the Department incorrectly calculated his PPSC credits under section 41-21-230, noting that, other than his conclusory allegation that he was entitled to the maximum allowable number of credits, Jones failed to present any evidence that contradicted the Department's monthly listing of PPSC credits earned by Jones. As for Jones' claim that the Department failed to award him 516 pretrial jail credits, the trial court found that the evidence of these jail credits related solely to Jones' convictions and sentences in Fayette and Haywood Counties and that Jones had failed to present any evidence demonstrating that the credits should be applied toward his Shelby County sentence. On appeal, Jones contends that the trial court erred in entering judgment in favor of the Department based upon these rulings.

As the party seeking summary judgment, the Department had the initial burden of demonstrating that there were no disputed, material facts creating a genuine issue for trial and that it was entitled to a judgment as a matter of law. **Byrd v. Hall**, 847 S.W.2d 208, 215 (Tenn. 1993). Once the Department made a properly supported motion, however, the burden then shifted to Jones to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in rule 56.04, establishing that there were indeed disputed, material facts creating a genuine issue that

needed to be resolved by the trier of fact. *Id*. In meeting this burden, Jones could not merely rely upon the allegations or denials of his pleadings. *Id*. Moreover, Jones' status as a *pro se* litigant did not excuse him from presenting the evidence required to carry this burden. *Teaster v. Department of Correction*, No. 01A01-9608-CH-00358, 1998 WL 195963, at *5 (Tenn. App. Apr. 24, 1998) (*no perm. app. filed*).

After reviewing the entire record in this matter, including the trial court's detailed order granting the Department's motion for summary judgment, we conclude that Jones has failed to demonstrate that a disputed, material fact exists that needs to be resolved at trial. Like the trial court, we are not convinced that the Department's calculations of Jones' good conduct sentence credits are free of error. For example, the Department credited Jones with 270 good conduct credits per year for years two through ten of his sentence, yet the statute authorized the Department to credit a maximum of 264 during each of those years. *See* T.C.A. § 41-21-229 (1982) (repealed 1985). Similarly, after year ten, the Department credited Jones with 365 good conduct credits per year when the statute authorized the Department to credit a maximum of 360. *Id*. Nevertheless, we agree that the trial court properly denied the relief requested by Jones because any error in the Department's calculations inured to Jones' benefit.

In his reply brief, Jones calculated his sentence by awarding himself the maximum allowable number of good conduct credits that he would receive if he in fact served the entire term of his 62-year sentence. We reject Jones' proposed method of calculation because it erroneously assumes that he will serve his entire 62-year sentence and, thus, it improperly awards him good conduct credits that he will never earn. As of July 1997, for example, Jones already had received 5987 good conduct sentence credits and 2726 PPSC credits, thereby reducing his 62-year sentence by almost 24 years. Because Jones will not serve the last 24 years of his sentence, he will not receive good conduct sentence credits for those years.

We also affirm the trial court's decision to deny Jones' requests to be credited with additional PPSC credits and pretrial jail credits. Although Jones' calculations indicated that he had earned the maximum allowable number of PPSC credits,[2] Jones presented no evidence to dispute the Department's documents showing the number of credits Jones had earned each month of his incarceration. Jones likewise did not dispute the Department's explanations as to why Jones was not eligible to receive such credits during certain time periods early in his incarceration.

Moreover, Jones failed to present any evidence showing that additional pretrial jail credits should be applied toward the 62-year sentence he received in Shelby County in 1979. The proof presented by Jones indicated that he was incarcerated on the Fayette and Haywood County offenses when he earned the disputed credits; however, Jones' proof failed to show the periods of incarceration during which he earned these credits.[3] Without such evidence, we cannot determine whether any of the credits should apply to Jones' 62-year Shelby County sentence or, if they should apply, whether they duplicate credits Jones already has received. Thus, Jones has failed to effectively rebut the Department's proof establishing that Jones has received all of the pretrial jail credits to which he is entitled.

In *Jones II*, we expressed concern over the fact that the Department's calculations of Jones' sentence credits had "produced different and unexplained results." *Jones II*, 1997 WL 367661, at *7. Jones also has complained about these discrepancies, despite the fact that his own calculations have produced inconsistent results. We believe that these discrepancies have been adequately resolved by Claud's supplemental affidavit, wherein she projects that Jones' 62-year sentence will expire on September 24, 2002, but explains that this date will change if Jones continues to earn additional PPSC credits.

The trial court's judgment is affirmed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to Jones, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)